**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____

Case number (*If known*): _____ Chapter 15

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

1. **Debtor's name** _____

2. **Debtor's unique identifier**

   **For non-individual debtors:**

   ☐ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___ ___

   ☐ Other _____. Describe identifier  Australian Company Number

   **For individual debtors:**

   ☐ Social Security number: xxx – xx– ____ ____ ____ ____

   ☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

   ☐ Other _____. Describe identifier _____.

3. **Name of foreign representative(s)** _____

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred** _____

5. **Nature of the foreign proceeding**

   *Check one:*

   ☐ Foreign main proceeding
   ☐ Foreign nonmain proceeding
   ☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

   ☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

   ☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

   ☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
   _____
   _____

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

   ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
   ☐ Yes

Debtor _____   Case number *(if known)*_____
       Name

**8. Others entitled to notice**   Attach a list containing the names and addresses of:

(i) all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

| **Country where the debtor has the center of its main interests:** | **Debtor's registered office:** |
|---|---|
| _____ | _____ |
| | Number    Street |
| | _____ |
| | P.O. Box |
| | _____5950 |
| | City   State/Province/Region   ZIP/Postal Code |
| | _____ |
| | Country |
| **Individual debtor's habitual residence:** | **Address of foreign representative(s):** |
| _____ | _____ |
| Number    Street | Number    Street |
| _____ | _____ |
| P.O. Box | P.O. Box |
| _____ | _____ |
| City   State/Province/Region   ZIP/Postal Code | City   State/Province/Region   ZIP/Postal Code |
| _____ | _____ |
| Country | Country |

**10. Debtor's website** (URL)   _____

**11. Type of debtor**   *Check one:*

❑ Non-individual (*check one*):

  ❑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

  ❑ Partnership

  ❑ Other. Specify: _____

❑ Individual

Debtor _____  Case number *(if known)*_____
       Name

**12. Why is venue proper in *this district*?**

*Check one:*

❏ Debtor's principal place of business or principal assets in the United States are in this district.

❏ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:
_____.

❏ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ _____  _____
    Signature of foreign representative      Printed name

Executed on  _____
             MM / DD / YYYY

✖ _____  _____
    Signature of foreign representative      Printed name

Executed on  _____
             MM / DD / YYYY

**14. Signature of attorney**

✖ _____  Date  _____
    Signature of Attorney for foreign representative      MM / DD / YYYY

_____
Printed name
_____
Firm name
_____
Number     Street
_____  _____  _____
City      State      ZIP Code

_____  _____
Contact phone      Email address

_____  _____
Bar number      State

# **EXHIBIT A**

**Statement Pursuant to Bankruptcy Rule 1007(a)(4)**

| | |
|---|---|
| Dennis F. Dunne<br>**MILBANK LLP**<br>55 Hudson Yards<br>New York, New York 10001<br>Telephone:   (212) 530-5000<br>Facsimile:    (212) 530-5219 | Thomas R. Kreller, Esq. (*pro hac vice* pending)<br>**MILBANK LLP**<br>2029 Century Park East<br>33rd Floor<br>Los Angeles, California 90067<br>Telephone:   (424) 386-4000<br>Facsimile:    (213) 629-5063 |

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| BOART LONGYEAR LIMITED *et al.*, | ) | Case No. 21-_____ (__) |
| | ) | |
| Debtors in a Foreign Proceeding.[1] | ) | (Joint Administration Requested) |
| | ) | |

**STATEMENT PURSUANT TO BANKRUPTCY RULE 1007(a)(4) AND SECTION 1515 OF THE BANKRUPTCY CODE**

Nora R. Pincus, in her capacity as the duly authorized foreign representative (the "Foreign Representative") of Boart Longyear Limited ("BLY") and each of the other above-captioned debtors (collectively, the "Debtors" and, together with their non-debtor affiliates, "Boart Longyear"), with respect to the proceeding (the "Australian Proceeding") pending before the Supreme Court of New South Wales, Sydney, Australia (the "Australian Court"), through which the Debtors seek sanction of two proposed schemes of arrangement (the "Schemes") under the Corporations Act 2001 (Commonwealth of Australia) (the "Corporations Act"), submits this

---

[1] The debtors in these chapter 15 cases, along with the last three digits of each debtor's Australian Company Number, are: Boart Longyear Limited (728), Boart Longyear Management Pty Limited (545), Boart Longyear Australia Pty Limited (025), Boart Longyear Investments Pty Limited (373), and Votraint No. 1609 Pty Limited (272).

statement pursuant to section 1515 of chapter 15 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

## CORPORATE OWNERSHIP STATEMENT

As of this date (the "Petition Date"), the below-listed corporations directly or indirectly own 10% or more of the equity interests in the Debtors:

| Corporation Name | Percentage Ownership | Debtor |
|---|---|---|
| Boart Longyear Limited | 70.56% | Boart Longyear Australia Pty Limited |
| Boart Longyear Investments Pty Limited | 27.88% | Boart Longyear Australia Pty Limited |
| Boart Longyear Limited | 100% | Boart Longyear Investments Pty Limited |
| Boart Longyear Limited | 100% | Boart Longyear Management Pty Limited |
| Boart Longyear Limited | 100% | Votraint No. 1609 Pty Limited |

## PERSONS OR BODIES AUTHORIZED TO ADMINISTER FOREIGN PROCEEDING OF THE DEBTORS

As of the Petition Date, the Foreign Representative is the sole person or body authorized to administer any "foreign proceeding" of the Debtors. The Foreign Representative's contact address is: 2455 South 3600 West, West Valley City, Utah 84119.

## PENDING LITIGATION

The Foreign Representative is not aware of any litigation involving the Debtors currently pending in the United States.

## PROVISIONAL RELIEF

As of the Petition Date, the Foreign Representative is not seeking any provisional relief under to section 1519 of the Bankruptcy Code.

## ADDITIONAL FOREIGN PROCEEDINGS

As of the Petition Date, the Debtors are not involved in any foreign proceedings other than the Australian Proceeding.

[*Remainder of Page Intentionally Left Blank*]

New York, New York
Dated:  August 17, 2021

/s/ Dennis F. Dunne
Dennis F. Dunne
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
Email:    ddunne@milbank.com

Thomas R. Kreller, Esq. (*pro hac vice* pending)
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, California 90067
Telephone:    (424) 386-4000
Facsimile:    (213) 629-5063
Email:    tkreller@milbank.com

*Counsel to the Foreign Representative*

## **EXHIBIT B**

**Australian Court Order**



Form 43
UCPR 36.11

Issued: 29 July 2021 12:07 PM

## JUDGMENT/ORDER

### COURT DETAILS
| | |
|---|---|
| Court | Supreme Court of NSW |
| Division | Equity |
| List | Corporations List |
| Registry | Supreme Court Sydney |
| Case number | 2021/00209335 |

### TITLE OF PROCEEDINGS
| | |
|---|---|
| First Plaintiff | BOART LONGYEAR LIMITED ACN 123052728 |
| Second Plaintiff | BOART LONGYEAR MANAGEMENT PTY LIMITED |
| Number of Plaintiffs | 7 |

First

### DATE OF JUDGMENT/ORDER
| | |
|---|---|
| Date made or given | 29 July 2021 |
| Date entered | 29 July 2021 |

### TERMS OF JUDGMENT/ORDER

This matter is listed for Hearing on 16 September 2021 9:15 AM before the Supreme Court - Civil at Supreme Court Sydney.
Part heard before Justice A Black
Estimated duration: 1 Hours
Filed in Court for Plaintiff: Affidavit of Christopher Clarke Hill affirmed 27 July 2021; Affidavit of Kyle Phillip McLachlan affirmed 28 July 2021; Affidavit of Nora Regina Pincus affirmed 28 July 2021

VERDICT, ORDER OR DIRECTION:

Hearing of Originating Process filed 22 July 2021 continued. First Court Hearing.

- Black J grants leave to file in Court affidavits of Christopher Clarke Hill affirmed 27 July 2021; Kyle Phillip McLachlan affirmed 28 July 2021; Nora Regina Pincus affirmed 28 July 2021.

Black J makes orders in accordance with the Short Minutes of Order initialled by him and placed in the file.

THE COURT ORDERS THAT:

1. Pursuant to sections 411(1) and 1319 of the Corporations Act 2001 (Cth) (Corporations Act):

(a) the plaintiffs convene a meeting of each of:

(i) the Secured Creditors for the purpose of considering, and if thought fit, agreeing (with or without modification) to a Secured Creditors' Scheme between the plaintiffs and the Secured Creditors, the terms of which are substantially in the form contained in Annexure A to the proposed explanatory

statement for the Secured Creditors' Scheme which has been tendered and marked as Exhibit P2 (Creditors' Schemes Booklet) in the proceeding (Secured Creditors' Scheme Meeting); and
(ii) the Unsecured Creditors for the purpose of considering and, if thought fit, agreeing (with or without modification) to an Unsecured Creditors' Scheme between the plaintiffs, the Unsecured Creditors and Subordinate Claim Holders, the terms of which are substantially in the form contained in Annexure B to the Creditors' Schemes Booklet (Unsecured Creditors' Scheme Meeting); and

(together, the Scheme Meetings).

For the purpose of orders 1 to #13 of these Orders, the terms "Account Holder", "Secured Creditors", "Secured Creditors' Scheme", "Second Court Hearing", "SSN Noteholders", "Subordinate Claim Holder", "SUN Noteholders", "TLA Purchasers", "TLB Purchasers", "Unsecured Creditors" and "Unsecured Creditors' Scheme" have the same meaning as ascribed to them in the Creditors' Schemes Booklet.

2. Pursuant to section 1319 of the Corporations Act:

(a) The Scheme Meetings be held at the offices of Ashurst Australia, Level 11, 5 Martin Place, Sydney, New South Wales:

(i) in respect of the Secured Creditors' Scheme, starting at 10.30 am (AEST time) on 31 August 2021; and
(ii) in respect of the Unsecured Creditors' Scheme, starting at 11.30 am (AEST time) on 31 August 2021.

(b) At each of the Scheme Meetings, facilities are made available for Secured Creditors or Unsecured Creditors to remotely attend the Scheme Meeting applicable to that creditor by telephone or other electronic means;
(c) Jason Ireland of McGrathNicol or, failing him, Robert Smith of McGrathNicol, be appointed chairperson of each of the Scheme Meetings;
(d) the chairperson appointed to chair any of the Scheme Meetings has the power to adjourn either or both of the Scheme Meetings in his absolute discretion for such time and to such date as he considers appropriate;
(e) the chairperson may, at his absolute discretion, determine that:

(i) in respect of the Secured Creditors' Scheme Meeting, only TLA Proxy Forms, TLB Proxy Forms, TLA Proof of Debt Forms, TLB Proof of Debt Forms and SSN Account Holder Letters (as those terms are defined in subparagraphs #3(c) to #3(g) respectively below); and
(ii) in respect of the Unsecured Creditors' Scheme Meeting, only TLA Proxy Forms, TLB Proxy Forms, TLA Proof of Debt Forms, TLB Proof of Debt Forms, SSN Account Holder Letters and SUN Account Holder Letters (as those terms are defined in subparagraphs #4(c) to #4(h) respectively below),

received by Prime Clerk LLC (in its capacity as the Information Agent retained by the plaintiffs in connection with the Secured Creditors' Scheme and Unsecured Creditors' Scheme (collectively, Schemes)) (Information Agent) by no later than 4.00 pm (New York City time) on 25 August 2021 are valid;

(f) the chairperson may rely on the information provided by the Information Agent to the plaintiffs on 2 August 2021 (the Voting Entitlement Record Date), for the purposes of admitting or rejecting a TLA Proof of Debt Form, TLB Proof of Debt Form, SSN Account Holder Letter or SUN Account Holder Letter for the purpose of voting;
(g) the resolution to approve:

(i) at the Secured Creditors' Scheme Meeting, the Secured Creditors' Scheme; and
(ii) at the Unsecured Creditors' Scheme Meeting, the Unsecured Creditors' Scheme,

be decided by way of a poll;

(h) if the physical part of the Scheme Meetings cannot be held due to Government-imposed lockdown measures or other similar restrictions, as soon as reasonably practicable after such measures or restrictions are imposed, the plaintiffs shall give notice to Secured Creditors and Unsecured Creditors that the Scheme Meetings will be held electronically only by:

(i) publishing a notice to that effect on the plaintiffs' website;
(ii) causing to be published on the ASX announcements platform an announcement to that effect by the plaintiffs; and
(iii) instructing the Information Agent to publish a notice to that effect on the website maintained by the Information Agent at cases.primeclerk.com/boart2021; and

(i) if the plaintiffs give notice in accordance with order #2(h), then:

(i) the notice shall be taken to be sufficient notice to Secured Creditors and Unsecured Creditors that the Scheme Meetings will be held electronically only; and
(ii) the Scheme Meetings will be held electronically only.

3. The following documents, which together form the Secured Creditors' Scheme Meeting Materials, are approved for distribution in the manner provided for in paragraph #5 of these Orders:

(a) the explanatory statement substantially in the form, or to the effect of the Creditors' Schemes Booklet;
(b) a notice of meeting for the Secured Creditors' Scheme Meeting, substantially in the form of the notice of meeting for the Secured Creditors' Scheme Meeting included in the Creditors' Schemes Booklet;
(c) a proxy form for TLA Purchasers substantially in the form of the pro forma contained in Annexure G to the Creditors' Schemes Booklet (TLA Proxy Form);
(d) a voting proof of debt form for TLA Purchasers substantially in the form of the pro forma contained in Annexure H to the Creditors' Schemes Booklet (TLA Proof of Debt Form);
(e) a proxy form for TLB Purchasers substantially in the form of the pro forma contained in Annexure I to the Creditors' Schemes Booklet (TLB Proxy Form);
(f) a voting proof of debt form for TLB Purchasers substantially in the form of the pro forma contained in Annexure J to the Creditors' Schemes Booklet (TLB Proof of Debt Form); and
(g) an account holder letter for SSN Noteholders substantially in the form of the pro forma contained in Annexure K to the Creditors' Schemes Booklet (SSN Account Holder Letter).

4. The following documents, which together form the Unsecured Creditors' Scheme Meeting Materials, are approved for distribution in the manner provided for in paragraph #5 of these Orders:

(a) the explanatory statement substantially in the form, or to the effect of the Creditors' Schemes Booklet;
(b) a notice of meeting for the Unsecured Creditors' Scheme Meeting, substantially in the form of the notice of meeting for the Unsecured Creditors' Scheme Meeting included in the Creditors' Schemes Booklet;
(c) a proxy form for TLA Purchasers substantially in the form of the pro forma contained in Annexure G to the Creditors' Schemes Booklet (TLA Proxy Form);
(d) a voting proof of debt form for TLA Purchasers substantially in the form of the pro forma contained in Annexure H to the Creditors' Schemes Booklet (TLA Proof of Debt Form);
(e) a proxy form for TLB Purchasers substantially in the form of the pro forma contained in Annexure I to the Creditors' Schemes Booklet (TLB Proxy Form);
(f) a voting proof of debt form for TLB Purchasers substantially in the form of the pro forma contained in Annexure J to the Creditors' Schemes Booklet (TLB Proof of Debt Form);
(g) an account holder letter for SSN Noteholders substantially in the form of the pro forma contained in Annexure K to the Creditors' Schemes Booklet (SSN Account Holder Letter); and
(h) an account holder letter for SUN Noteholders substantially in the form of the pro forma contained in Annexure L to the Creditors' Schemes Booklet (SUN Account Holder Letter).

5. The plaintiffs are to dispatch, cause to be dispatched or to instruct the Information Agent to dispatch:

(a) to each:

(i) Secured Creditor who is a party to the Restructuring Support Agreement dated 12 May 2021 (Restructuring Support Agreement), documents substantially in the form of the Secured Creditors' Scheme Meeting Materials by sending a copy of those documents marked to the attention of the relevant Secured Creditor; and
(ii) Unsecured Creditor who is a party to the Restructuring Support Agreement, documents substantially in the form of the Unsecured Creditors' Scheme Meeting Materials by sending a copy of those documents marked to the attention of the relevant Unsecured Creditor,

at the address stipulated in the column titled "Notice Details" in the "Details" section of the Restructuring Support Agreement or to their respective legal representatives;

(b) to each of the SSN Noteholders and SUN Noteholders by sending:

(i) to The Depository Trust Company (DTC) in accordance with the applicable procedures of DTC:

(A) one hard copy of each of the Secured Creditors' Scheme Meeting Materials and the Unsecured Creditors' Scheme Meeting Materials by prepaid post or courier; and
(B) an electronic copy of each of the Secured Creditors' Scheme Meeting Materials and the Unsecured Creditors' Scheme Meeting Materials by email; and

(ii) to each of the Account Holders (or their nominated agent) recorded in the securities position reports maintained by DTC in respect of the SSN Noteholders and the SUN Noteholders as at the Voting Entitlement Record Date:

(A) by prepaid post or courier, the required number of hard copies of each of the Secured Creditors' Scheme Meeting Materials and the Unsecured Creditors' Scheme Meeting Materials as advised to the Information Agent by the Account Holders for distribution to their respective SSN Noteholders and SUN Noteholders; and
(B) by email, an electronic copy of each of the Secured Creditors' Scheme Meeting Materials and the Unsecured Creditors' Scheme Meeting Materials for distribution to their respective SSN Noteholders and SUN Noteholders,

to the addresses and email addresses respectively (as applicable) of each Account Holder as last provided to the Information Agent, with instructions to the Account Holders to forward the documents to their respective SSN Noteholders and SUN Noteholders.

6. The Plaintiffs are to instruct the Information Agent to publish an electronic copy of each of the Secured Creditors' Scheme Meeting Materials and the Unsecured Creditors' Scheme Meeting Materials on the website maintained by the Information Agent at cases.primeclerk.com/boart2021.

7. The application of rules 75-10 to 75-155 of the Insolvency Practice Rules (Corporations) 2016 to the Scheme Meetings pursuant to rule 2.15 of the Supreme Court (Corporations) Rules 1999 (NSW) be modified in the following respects:

(a) rules 75-10 to 75-155 shall not apply to the Scheme Meetings, with the exception of the following:

(i) rule 75-75, subject to order #2 above;
(ii) rule 75-85(4);
(iii) rule 75-105(1)(b), (1)(c), (2), (3);
(iv) rule 75-150(2);

(b) rule 75-85(3) shall apply to the Scheme Meetings as modified to read:

A person is not entitled to vote as a Secured Creditor or Unsecured Creditor at the Scheme Meeting applicable to the creditor unless his or her debt or claim has been admitted wholly or in part by the chairperson of the applicable Scheme Meeting and he or she has lodged, with the chairperson of the applicable Scheme Meeting or the Information Agent a TLA Proof of Debt Form, TLB Proof of Debt Form, SSN Account Holder Letter or SUN Account Holder Letter (as applicable).

(c) rule 75-100(1) shall apply to the Scheme Meetings as modified to read:

The chairperson of a Scheme Meeting has power to admit or reject a TLA Proof of Debt Form, TLB Proof of Debt Form, SSN Account Holder Letter or SUN Account Holder Letter for the purposes of voting.

(d) rule 75-100(3) shall apply to the Scheme Meetings as modified to read:

If the chairperson is in doubt whether a TLA Proof of Debt Form, TLB Proof of Debt Form, SSN Account Holder Letter or SUN Account Holder Letter should be admitted or rejected, he or she must mark that TLA Proof of Debt Form, TLB Proof of Debt Form, SSN Account Holder Letter or SUN Account Holder Letter as objected to and allow the creditor to vote, subject to the vote being declared invalid if the objection is sustained.

(e) rule 75-100(4) shall apply to the Scheme Meeting as modified to read:

A decision by the chairperson to admit or reject a TLA Proof of Debt Form, TLB Proof of Debt Form, SSN Account Holder Letter or SUN Account Holder Letter for the purpose of voting may be appealed against to this Court by an application filed with the Court within 48 hours of the decision, such appeal to be heard concurrently with the Second Court Hearing.

(f) rule 75-105(4) shall apply to the Scheme Meetings as modified to read:

If within 30 minutes after the time appointed for a Scheme Meeting a quorum is not present, or the Scheme Meeting is not otherwise sufficiently constituted, the chairperson may adjourn the meeting in his absolute discretion for such time and to such date as he considers appropriate.

(g) rule 75-150(1) shall apply to the Scheme Meetings as modified to read:

(1A) A person entitled to attend and vote at a Scheme Meeting may appoint a natural person over the age of 18 years as his or her proxy to attend and vote at the meeting.
(1B) A person may appoint the chairperson of a Scheme Meeting by name or reference to his or her office, to act as his or her general or special proxy.
(1C) The appointment of a person as a proxy must be by the instrument described as the TLA Proxy Form, TLB Proxy Form, SSN Account Holder Letter or SUN Account Holder Letter (as applicable) as transmitted to the Information Agent.
(1D) An instrument appointing a proxy may specify the manner in which the proxy is to vote on a particular resolution, and the proxy is not entitled to vote on the resolution except as specified in the instrument.

(h) rule 75-150(3) shall apply to the Scheme Meetings as modified to read:

If a person claims to be the proxy of a person, appointed by an instrument of appointment mentioned in rule 75-150(1) (as modified) and entitled to attend and vote at a Scheme Meeting, the person is not entitled to speak or vote as proxy at the Scheme Meeting unless the instrument has been lodged with the Information Agent, or with the chairperson.

(i) rule 75-155 shall apply to the Scheme Meetings as modified to replace the words "external administrator" with the words "chairperson".

8. Unless the Court orders otherwise, the inadvertent omission to serve any Secured Creditor or Unsecured Creditor with, relevantly either the Secured Creditors' Meeting Materials or the Unsecured Creditors' Meeting Materials, or the non-receipt of such materials or notice of the Scheme Meeting applicable to those creditors by those creditors, shall not invalidate the proceedings at the Scheme Meetings.

9. Notices of the hearing of an application pursuant to section 411(4)(b) of the Corporations Act for orders respectively approving the:

(a) Secured Creditors' Scheme; and
(b) Unsecured Creditors' Scheme,

each be published once in The Australian newspaper, by advertisements substantially in the form of Annexure A and Annexure B respectively to these orders, such advertisements to be published on or before 11 September 2021 and the plaintiffs otherwise be exempted from compliance with rule 3.4 of the Supreme Court (Corporations) Rules 1999 (NSW)..

10. Pursuant to section 411(16) of the Corporations Act, that all further proceedings in any action or other civil proceeding by or on behalf of any TLA Purchaser, TLB Purchaser, SSN Noteholder, SUN Noteholder or any holder of a Subordinate Claim against any or all of the plaintiffs (whether directly or indirectly) be restrained, except by leave of the Court and subject to such terms as the Court imposes.

11. Ms Nora Regina Pincus be authorised to act as a "foreign representative" of these proceedings for the purposes of making an application to the United States Bankruptcy Court for recognition of these proceedings and obtaining ancillary relief under Chapter 15 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

12. The proceeding be adjourned to 9.15 am on 16 September 2021.

13. Liberty to apply on one business days' notice, specifying the relief sought.

14. These orders be entered forthwith.

**SEAL AND SIGNATURE**



| | |
|---|---|
| Signature | Chris D'Aeth |
| Capacity | Principal Registrar |
| Date | 29 July 2021 |

If this document was issued by means of the Electronic Case Management System (ECM), pursuant to Part 3 of the Uniform Civil Procedure Rules (UCPR), this document is taken to have been signed if the person's name is printed where his or her signature would otherwise appear.

**FURTHER DETAILS ABOUT Plaintiff(s)**

First Plaintiff
| | |
|---|---|
| Name | BOART LONGYEAR LIMITED ACN 123052728 |
| Address | 26 Butler Boulevard ADELAIDE AIRPORT SA 5950 |

| | |
|---|---|
| Telephone | 02 9258 6508 |
| Fax | |
| E-mail | james.marshall@ashurst.com |
| Client reference | |

**Second Plaintiff**

| | |
|---|---|
| Name | BOART LONGYEAR MANAGEMENT PTY LIMITED<br>ACN 123283545 |
| Address | 26 Butler Boulevard<br>ADELAIDE AIRPORT SA 5950 |
| Telephone | 02 9258 6508 |
| Fax | |
| E-mail | james.marshall@ashurst.com |
| Client reference | |

**Third Plaintiff**

| | |
|---|---|
| Name | BOART LONGYEAR AUSTRALIA PTY LIMITED<br>ACN 000401025 |
| Address | 26 Butler Boulevard<br>ADELAIDE AIRPORT SA 5950 |
| Telephone | 02 9258 6508 |
| Fax | |
| E-mail | james.marshall@ashurst.com |
| Client reference | |

**Fourth Plaintiff**

| | |
|---|---|
| Name | VOTRAINT NO. 1609 PTY LIMITED<br>ACN 119244272 |
| Address | 26 Butler Boulevard<br>ADELAIDE AIRPORT SA 5950 |
| Telephone | 02 9258 6508 |
| Fax | |
| E-mail | james.marshall@ashurst.com |
| Client reference | |

**Fifth Plaintiff**

| | |
|---|---|
| Name | BOART LONGYEAR INVESTMENTS PTY LIMITED<br>ACN 124070373 |
| Address | 26 Butler Boulevard<br>ADELAIDE AIRPORT SA 5950 |
| Telephone | 02 9258 6508 |
| Fax | |
| E-mail | james.marshall@ashurst.com |
| Client reference | |

**Sixth Plaintiff**

| | |
|---|---|
| Name | BL CAPITAL MANAGEMENT LLC<br>ACN 649445321 |
| Address | 26 Butler Boulevard<br>ADELAIDE AIRPORT SA 5950 |
| Telephone | 02 9258 6508 |
| Fax | |
| E-mail | james.marshall@ashurst.com |
| Client reference | |

**Seventh Plaintiff**

| | |
|---|---|
| Name | BLY US HOLDINGS INC.<br>ACN 649445394 |

| | |
|---|---|
| Address | 26 Butler Boulevard |
| | ADELAIDE AIRPORT SA 5950 |
| Telephone | 02 9258 6508 |
| Fax | |
| E-mail | james.marshall@ashurst.com |
| Client reference | |

**Legal representative for plaintiffs**

| | |
|---|---|
| Name | James Kelly Marshall |
| Practicing certificate number | 25380 |
| Address | Ashurst Australia    Level 11 |
| | 5 Martin Place |
| | SYDNEY NSW 2000 |
| DX address | DX 388 Sydney NSW |
| Telephone | (02) 9258 6508 |
| Fax | 9528 6999 |
| Email | James.Marshall@ashurst.com |
| Electronic service address | James.Marshall@ashurst.com |

### FURTHER DETAILS ABOUT (s)

### ATTACHMENTS TO ORDERS

(Annexure A - 29.7.21 - 209335.pdf)
(Annexure B - 29.7.21 - 209335.pdf)

[attach.]

10.

## ANNEXURE A

Form 6
Amended by approval of the Supreme Court of New South Wales

**Notice of hearing to approve compromise or arrangement**

(rule 3.4)

No. 209335 of 2021

Supreme Court of New South Wales
Division: Equity
List: Corporations
Registry: Sydney

IN THE MATTER OF BOART LONGYEAR LIMITED
ACN: 123 052 728

**Boart Longyear Limited** ACN 123 052 728
**Boart Longyear Management Pty Limited** ACN 123 283 545
**Boart Longyear Australia Pty Limited** ACN 000 401 025
**Votraint No. 1609 Pty Limited** ACN 119 244 272
**Boart Longyear Investments Pty Limited** ACN 124 070 373
**BL Capital Management LLC** ARBN 649 445 321
**BLY US Holdings Inc.** ARBN 649 445 394
Plaintiffs

(the **Boart Longyear Group**)

**TO:**

- all holders of term loan securities issued by BL Capital Management LLC under a Term Loan A Securities Agreement dated 31 December 2018 (as amended from time to time);

- all holders of term loan securities issued by BL Capital Management LLC under a Term Loan B Securities Agreement dated 31 December 2018 (as amended from time to time);

- all holders of senior secured notes issued by Boart Longyear Management Pty Limited under an Indenture dated 27 September 2013 (as amended from time to time),

  (together, the **Secured Scheme Creditors**).

**TAKE NOTICE** that at 9:15 am on Thursday, 16 September 2021, the Supreme Court of New South Wales at Queens Square, Sydney will hear an application by the Boart Longyear Group, seeking the approval of a compromise or arrangement between the Boart Longyear Group and the Secured Scheme Creditors, following the passing of a resolution by a meeting of the Secured Scheme Creditors held on 31 August 2021.

If you wish to oppose the approval of the compromise or arrangement, you must file and serve on the Boart Longyear Group a notice of appearance, in the prescribed form, together with any affidavit on which you wish to rely at the hearing. The notice of appearance and affidavit must be served on the Boart Longyear Group at its address for service at least one day before the date fixed for the hearing of the application.

The address for service of the Boart Longyear Group is:
Ashurst Australia, Level 11, 5 Martin Place, Sydney, NSW, 2000
(Attention: James Marshall)

Name of person giving notice:
Nora Pincus, General Counsel, Boart Longyear Limited.

## ANNEXURE B

Form 6
Amended by approval of the Supreme Court of New South Wales

### Notice of hearing to approve compromise or arrangement

(rule 3.4)

No. 209335 of 2021

Supreme Court of New South Wales
Division: Equity
List: Corporations
Registry: Sydney

IN THE MATTER OF BOART LONGYEAR LIMITED
ACN: 123 052 728

**Boart Longyear Limited** ACN 123 052 728
**Boart Longyear Management Pty Limited** ACN 123 283 545
**Boart Longyear Australia Pty Limited** ACN 000 401 025
**Votraint No. 1609 Pty Limited** ACN 119 244 272
**Boart Longyear Investments Pty Limited** ACN 124 070 373
**BL Capital Management LLC** ARBN 649 445 321
**BLY US Holdings Inc.** ARBN 649 445 394
Plaintiffs

(the **Boart Longyear Group**)

**TO:**

- all holders of term loan securities issued by BL Capital Management LLC under a Term Loan A Securities Agreement dated 31 December 2018 (as amended from time to time);
- all holders of term loan securities issued by BL Capital Management LLC under a Term Loan B Securities Agreement dated 31 December 2018 (as amended from time to time);
- all holders of senior secured notes issued by Boart Longyear Management Pty Limited under an Indenture dated 27 September 2013 (as amended from time to time);
- all holders of unsecured subordinated notes issued by Boart Longyear Management Pty under an Indenture dated 28 March 2011 (as amended from time to time),
  (together, the **Unsecured Scheme Creditors**);
- all holders of subordinate claims (as that term is defined in section 563A(2) of the *Corporations Act 2001* (Cth)) against Boart Longyear Limited in respect of any fact, matter, circumstance or event which has arisen or occurred at any time prior to the implementation of the proposed compromise or arrangement (**Subordinate Claim Holders**).

**TAKE NOTICE** that at 9:15 am on Thursday, 16 September 2021, the Supreme Court of New South Wales at Queens Square, Sydney will hear an application by the Boart Longyear Group, seeking the approval of a compromise or arrangement between the Boart Longyear Group, the Unsecured Scheme Creditors and the Subordinate Claim Holders, following the passing of a resolution by a meeting of the Unsecured Scheme Creditors held on 31 August 2021.

If you wish to oppose the approval of the compromise or arrangement, you must file and serve on the Boart Longyear Group a notice of appearance, in the prescribed form, together with any affidavit on which you wish to rely at the hearing. The notice of appearance and affidavit must be served on the Boart Longyear Group at its address for service at least one day before the date fixed for the hearing of the application.

The address for service of the Boart Longyear Group is:
Ashurst Australia, Level 11, 5 Martin Place, Sydney, NSW, 2000
(Attention: James Marshall)

Name of person giving notice:
Nora Pincus, General Counsel, Boart Longyear Limited.